```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON
```

OMAR WAYNE HILER as Executor  )
of the                        )
Estate of VIRGINIA E. HILER,  ) Civil Action No. 5:11-192-JMH
                              )
    Plaintiff,            )
                              )
v.                            )
                              ) **MEMORANDUM OPINION AND ORDER**
                              )
EXTENDICARE HEALTH            )
NETWORK, INC., et al.         )
                              )
    Defendants.           )


               **&ast;&ast;   &ast;&ast;   &ast;&ast;   &ast;&ast;   &ast;&ast;**

    The Court has reviewed the Notice of Removal filed in this matter, as well as the Complaint, which was originally filed in Madison Circuit Court [Record No. 1].

    In that Complaint, Plaintiff avers that Defendants, identified in the Complaint as Extendicare Health Network, Inc., d/b/a Kenwood Nursing, Kenwood Health and Rehabilitation Center, Kenwood House, Richmond Health and Rehabilitation Center and Unknown Defendants, negligently caused the death of Virginia E. Hiler. [Compl. at ¶¶ 13-17.] Plaintiff seeks compensatory and punitive damages, as well as pre-judgment and post-judgment interest, and attorney's fees." [Compl.] Plaintiff does not specify an amount of damages except to state that Plaintiff "has incurred damages exceeding the

jurisdictional limit of [Madison Circuit] Court."[1] [*Id.* at ¶ 5.]

"In cases like the one at hand, 'where the plaintiff seeks to recover some *unspecified* amount that is not self-evidently greater or less than the federal amount-in-controversy requirement,' the defendant must show that it is more likely than not that the plaintiff's claims exceed $75,000." *King v. Household Finance Corp. II,* 593 F.Supp.2d 958, 959 (E.D. Ky. 2009) (emphasis in original) (quoting *Gafford v. Gen. Elec. Co.,* 997 F.2d 150, 158 (6th Cir. 1993)(abrogated on other grounds)). Defendants must come forward with competent proof showing that the amount-in-controversy requirement is satisfied and speculation is not sufficient to meet this burden. *Id.* (holding that defendant offered "mere averments" and not "competent proof" where notice of removal stated only that "in light of the plaintiffs' claims for compensatory damages, punitive damages, and attorney fees, "it is clear that the amount in controversy threshold is met"). *See also Hackney v. Thibodeaux*, Civil Action No. 10-35-JBC, 2010 WL 1872875, *2 (E.D.Ky. May 10, 2010) (holding that there was no competent evidence of requisite amount in controversy where defendant relied on plaintiff's

---

[1] Kentucky circuit courts are courts of general jurisdiction, having "original jurisdiction of all justiciable causes not exclusively vested in some other court." KRS § 23A.010. Kentucky district courts have exclusive jurisdiction over civil cases in which the amount in controversy does not exceed four thousand dollars ($4,000), exclusive of interest and costs, meaning that the amount in controversy must exceed $4,000.00 in order for jurisdiction of a civil matter to lie in the circuit court of a given county. *See* KRS §§ 23A.010 and 24A.120.

pleading which sought to recover past and future medical expenses, lost wages, future impairment of the power to earn money, and past and future pain and suffering and mental anguish for injuries which are "serious and permanent in nature.").

In their Notice of Removal, Defendants appear to rely solely on the averments of Plaintiff's Complaint in an attempt to demonstrate the requisite amount-in-controversy, stating only that "Based upon information and belief, Defendants state that the amount in controversy is in excess of Seventy-Five Thousand Dollars ($ 75,000.00), exclusive of interests and costs, and the amount of damages exceeds the jurisdictional requirements of this Court." [Record No. 1 at ¶ 9.] This is not enough, and, unless Defendants can offer some competent proof of an amount in controversy which exceeds $75,000, the Court is of the opinion that it lacks jurisdiction over this matter and that the matter should be remanded to Madison Circuit Court.

Accordingly, upon the Court's own motion, **IT IS ORDERED** that Defendants shall **SHOW CAUSE** on or before **July 8, 2011,** why this matter should not be remanded to Madison Circuit Court.

This the 23rd day of June, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge