UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

OMAR WAYNE HILER as Executor )
of the )
Estate of VIRGINIA E. HILER, ) Civil Action No. 5:11-192-JMH
 )
    Plaintiff, )
 )
v. )
 ) **MEMORANDUM OPINION AND ORDER**
 )
EXTENDICARE HEALTH )
NETWORK, INC., et al. )
 )
    Defendants. )

                  ** ** ** ** **

On June 23, 2011 this Court entered a Memorandum Opinion and Order [Record No. 5] requiring Defendants to show cause why this matter should not be remanded to Madison Circuit Court. Specifically, the Court was of the opinion that it lacked original jurisdiction over this matter under 28 U.S.C. § 1332 and that this matter had been improperly removed to this Court under 28 U.S.C. § 1441 in the absence of any competent proof of an amount in controversy which exceeds $75,000.

Defendants have now filed a Response [Record No. 6] in which they outline the basis for their belief that the amount in controversy exceeds $75,000. Defendants cite to Kentucky jury verdicts, as reported in THE KENTUCKY TRIAL COURT REVIEW, YEAR IN REVIEW,

-1-

to demonstrate that wrongful death claims and wrongful death claims allegedly caused by nursing home negligence often result in jury verdicts in excess of the jurisdictional limits of this Court.

The defendants "must show that it is more likely than not that the plaintiff's claims exceed $75,000." *King v. Household Finance Corp. II*, 593 F.Supp.2d 958, 959 (E.D. Ky. 2009). In *Blankenship*, the defendant successfully used jury verdicts in similar state court claims to establish the amount in controversy. *Allstate v. Blankenship,* 2005 WL 2095679, *6 (E.D.Ky August 30, 2005).

> As [plaintiff] has left her damages plea specifically indeterminate, it falls to this Court to make an evaluation of the actual amount in controversy in order to determine the federal jurisdictional amount. [Defendant] has included in its Reply a number of examples of "bad faith" cases tried in Kentucky courts which have resulted in verdicts well above the jurisdictional requirement. In response, [plaintiff] has offered no evidence outside bald assertion that the recover sought is less than $75,000...The evidence presented by [defendant] is sufficient for it to carry its burden in the present case.

*Id.* Noting that Plaintiff has not asserted that the damages sought are less than $75,000, this Court is of the opinion that Defendants have shown by competent proof that it is more likely than not that the amount in controversy exceeds $75,000. *See King*, 593 F.Supp.2d at 959. The Court is satisfied that it has original jurisdiction over this matter under 28 U.S.C. § 1332, and that the action was properly removed pursuant to 28 U.S.C. § 1441(a).

Accordingly, **IT IS ORDERED** that the Court's Order [Record No.

5] of June 23, 2011, is **DISCHARGED**.

This the 7th day of July, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge