UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CIVIL ACTION NO. 5:11-CV-00192-JMH


OMAR WAYNE HILER as Executor of
the ESTATE OF VIRGINIA E. HILER                                          PLAINTIFF


V.                                    **AMENDED COMPLAINT**


EXTENDICARE HEALTH NETWORK, INC.
d/b/a KENWOOD NURSING, KENTUCKY HEALTH
REHABILITATION CENTER, KENWOOD HOUSE,
RICHMOND HEALTH AND REHABILITATION
CENTER
                                                                        DEFENDANTS


FIR LANE TERRACE CONVALESCENT CENTER, INC.
d/b/a RICHMOND HEALTH & REHABILITATION COMPLEX - KENWOOD
c/o Corporation Service Company
d/b/a CSC - Lawyers Incorporating Service Company
421 West Main Street
Frankfort, Kentucky 40601

EXTENDICARE REIT
c/o Timothy L. Lukenda, Trustee
3000 Steeles Avenue East, Suite 700
Markham, Ontario
Canada L3R 9W2

EXTENDICARE, L.P.
c/o Jillian E. Fountain, Officer
3000 Steeles Avenue East, Suite 700
Markham, Ontario
Canada L3R 9W2

EXTENDICARE HOLDINGS, INC.
c/o Roch Carter, Registered Agent
111 West Michigan Street
Milwaukee, Wisconsin 53203

EXTENDICARE HEALTH SERVICES, INC.
c/o Lexis Document Services, Inc.
2711 Centerville Road, Suite 400
Wilmington, Delaware 19808

EXTENDICARE HEALTH FACILITY HOLDINGS, INC.
c/o Lexis Document Services, Inc.
2711 Centerville Road, Suite 400
Wilmington, Delaware 19808

EXTENDICARE HOMES, INC.
c/o CSC - Lawyers Incorporating Service Company
421 West Main Street
Frankfort, Kentucky 40601

_____

Comes the Plaintiff, Omar Wayne Hiler as Executor of the Estate of Virginia E. Hiler, by and through counsel, and for his Complaint against the Defendants, states as follows:

1.    Plaintiff, Omar Wayne Hiler, is an individual residing in Fayette County, Kentucky, with an address of 1332 Post Oak Road, Lexington, Kentucky, and was appointed the Executor of the Estate of Virginia E. Hiler by the Fayette Probate Court, Action 10-P-2254, on September 17, 2010.

2.    Defendant Extendicare Health Network, Inc. d/b/a Kenwood Nursing, Kentucky Health and Rehabilitation Center, Kenwood House, Richmond Health and Rehabilitation Center is a foreign corporation licensed to do business in the Commonwealth of Kentucky, with its principal place of business being 111 West Michigan Street, Milwaukee, Wisconsin 53203, whose registered agent for service of

process is Lexis Document Services, Inc., 421 West Main Street, Frankfort, Kentucky 40601.

3.      Defendant Fir Lane Terrace Convalescent Center, Inc. is a foreign corporation with its principal office located at 111 West Michigan Street, Milwaukee, Wisconsin 53203-2903, and is authorized to do business in the Commonwealth of Kentucky.  Upon information and belief, at all times material to this action, Defendant Fir Lane Terrace Convalescent Center, Inc. was the "licensee" of Richmond Health and Rehabilitation Complex - Kenwood, and owned, operated, managed, controlled and/or provided services for the facility.  Under laws and regulations promulgated and enforced by the Cabinet for Health and Family Services, as licensee of Richmond Health and Rehabilitation Complex - Kenwood, Defendant Fir Lane Terrace Convalescent Center, Inc. was legally responsible for that facility and for ensuring compliance with all laws and regulations related to the operation of the facility.  The causes of action made the basis of this suit arise out of such business conducted by the said Defendant Fir Lane Terrace Convalescent Center, Inc. in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Virginia E. Hiler (hereinafter referred to as "Mrs. Hiler").  The agent for service of process for Defendant Fir Lane Terrace Convalescent Center, Inc. d/b/a Richmond Health and Rehabilitation Center - Kenwood is Corporation Service Company d/b/a CSC-Lawyers Incorporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601.

4.      Defendant Extendicare REIT (Extendicare Real Estate Investment Trust) is an unincorporated open-ended limited purpose trust established under the laws of the Province of Ontario, Canada.  The registered and principal office of Defendant Extendicare REIT is located at 3000 Steeles Avenue East, Markham, Ontario, Canada L3R 9W2.  Upon information and belief, Defendant Extendicare REIT, through its wholly owned subsidiaries, is a major provider of long-term care in North America and, at all times material to this action, owned, operated, managed, controlled and/or provided services for nursing facilities, including Richmond Health and Rehabilitation Complex - Kenwood.  The cause of action made the basis of this suit arise out of such business conducted by said Defendant Extendicare REIT in the ownership, operation, management, control and/or services provided for the facility during the residency of Mrs. Hiler.  Defendant Extendicare REIT is without a registered agent for service of process within the Commonwealth of Kentucky.  Under the Rules of Civil Procedure, service of process may be made upon Defendant Extendicare REIT's Trustee, Timothy L. Lukenda, at its principal office at 3000 Steeles Avenue East, Markham, Ontario, Canada L3R 9W2.

5.      Defendant Extendicare L.P. is a limited partnership formed under the laws of Ontario and is a subsidiary of Extendicare REIT.  The registered and principal office of Defendant Extendicare L.P. is located at 3000 Steeles Avenue East, Markham, Ontario, Canada L3R 9W2.  Upon information and belief, at all times material to this action, Defendant Extendicare, L.P., owned, operated, managed, controlled and/or provided services for nursing facilities, including Richmond Health and Rehabilitation

-4-

Complex - Kenwood. The cause of action made the basis of this suit arise out of such business conducted by said Defendant Extendicare L.P. in the ownership, operation, management, control and/or services provided for the facility during the residency of Mrs. Hiler. Defendant Extendicare L.P. is without a registered agent for service of process within the Commonwealth of Kentucky. Under the Rules of Civil Procedure, service of process may be made upon a high-ranking officer of Extendicare L.P., Jilliam E. Fountain, at its principal office at 3000 Steeles Avenue East, Markham, Ontario, Canada L3R 9W2.

6. Defendant Extendicare Holdings, Inc., a wholly-owned subsidiary of Extendicare REIT, is a foreign corporation with its principal office located at 111 West Michigan Street, Milwaukee, Wisconsin 53203-2903, and is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in nursing facilities in several states across the country. Upon information and belief, at all times relevant to this action, Defendant Extendicare Holdings, Inc. owned, operated, managed, controlled and/or provided services for nursing facilities, including Richmond Health and Rehabilitation Complex - Kenwood. The causes of action made the basis of this suit arise out of such business conducted by said Defendant Extendicare Holdings, Inc. in the ownership, operation, management, control and/or services provided for the facility during the residency of Virginia E. Hiler. Defendant Extendicare Holdings, Inc. is without an agent for service of process within the Commonwealth of Kentucky and which should, therefore, be served by service of process upon the Kentucky Office of the Secretary of State, Summonses Branch, The

Capitol Building, 700 Capital Avenue, Suite 86, Frankfort, Kentucky 40601, for service upon its own agent, Roch Carter, 111 West Michigan Street, Milwaukee, Wisconsin 53203, by certified mail.

      7.    Defendant Extendicare Health Services, Inc., a wholly-owned subsidiary of Extendicare REIT, is a foreign corporation with its principal office located at 111 West Michigan Street, Milwaukee, Wisconsin 53203-2903, and is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in nursing facilities in several states across the country.  Upon information and belief, at all times material to this action, Defendant Extendicare Health Services, Inc. owned, operated, managed, controlled and/or provided services for nursing facilities including Richmond Health and Rehabilitation Complex - Kenwood.  The causes of action made the basis of this suit arise out of such business conducted by said Defendant Extendicare Health Services, Inc. in the ownership, operation, management, control and/or services provided for the facility during the residency of Mrs. Hiler.  Defendant Extendicare Health Services, Inc. is without an agent for service of process in the Commonwealth of Kentucky and which should, therefore, be served by process upon the Kentucky Office of the Secretary of State, Summonses Branch, The Capitol Building, 700 Capital Avenue, Suite 86, Frankfort, Kentucky 40601, for service upon its own agent, Lexis Document Services, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware, by certified mail.

      8.    Defendant Extendicare Health Facilities Holdings, Inc., a wholly-owned subsidiary of Extendicare REIT, is a foreign corporation with its principal office located

at 111 West Michigan Street, Milwaukee, Wisconsin 53203-2903.  Upon information and belief, at all times material to this action, Defendant Extendicare Health Facilities Holdings, Inc. owned, operated, managed, controlled and/or provided services for nursing facilities including Richmond Health and Rehabilitation Complex - Kenwood. The causes of action made the basis of this suit arise out of such business conducted by said Defendant Extendicare Health Facilities Holdings, Inc. in the ownership, operation, management, control and/or services provided for the facility during the residency of Mrs. Hiler.  Defendant Extendicare Health Facilities Holdings, Inc. is without an agent for service of process in the Commonwealth of Kentucky and which should, therefore, be served by process upon the Kentucky Office of the Secretary of State, Summonses Branch, The Capitol Building, 700 Capital Avenue, Suite 86, Frankfort, Kentucky 40601, for service upon its own agent, Lexis Document Services, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware, by certified mail.

9.     Defendant Extendicare Homes, Inc., a wholly-owned subsidiary of Extendicare REIT, is a foreign corporation with its principal office located at 111 West Michigan Street, Milwaukee, Wisconsin 53203-2903, and is authorized to do business in the Commonwealth of Kentucky.  Upon information and belief, at all times material to this action, Defendant Extendicare Homes, Inc. owned, operated, managed, controlled and/or provided services for nursing facilities including Richmond Health and Rehabilitation Complex - Kenwood.  The causes of action made the basis of this suit arise out of such business conducted by said Defendant Extendicare Homes, Inc. in the ownership, operation, management, control and/or services provided for the

facility during the residency of Mrs. Hiler.  The agent for service of process for Defendant Extendicare Homes, Inc. is CSC-Lawyers Incorporating Service Company, 421 West Main Street, Frankfort, Kentucky 40601.


11.     Whenever the term "Extendicare Defendants" is utilized within this suit, the term collectively refers to and includes Fir Lane Terrace Convalescent Center, Inc. d/b/a Richmond Health and Rehabilitation Complex - Kenwood; Extendicare REIT; Extendicare L.P.; Extendicare Holdings, Inc.; Extendicare Health Services, Inc; Extendicare Health Facilities Holdings, Inc.; and Extendicare Homes, Inc.

12.     Extendicare Defendants controlled the operation, planning, management, budget and quality control of Richmond Health and Rehabilitation Complex - Kenwood. The authority exercised by Extendicare Defendants over the nursing facility included, but was not limited to, control of marketing, human resources management, training, staffing, creation, and implementation of all policy and procedure manuals used by the nursing facility, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal services, and financial, tax and accounting control through fiscal policies established by Extendicare Defendants.

13.     Whenever the term "Defendants" is utilized within this suit, such term collectively refers to and includes all named Defendants in this lawsuit.

14.     The acts underlying the allegations set forth herein arise from or concern actions and omissions which occurred in Madison County, Kentucky, which is the appropriate venue for this action.

15.     On May 5, 2009, Mrs. Hiler was admitted to Richmond Health and Rehabilitation Complex - Kenwood (hereinafter referred to as "Kenwood" or "the facility") for purposes of rehabilitating and recovering from surgery.

16.     On May 14, 2009, at approximately 12:01 a.m. while in the care of the Defendants and/or their agents, employees or representatives, Mrs. Hiler notified nurses of her pain and discomfort and exhibited cool and clammy skin.  No medical treatment was sought or provided by any nurse or physician at that time.

17.     Despite reporting that Mrs. Hiler would be monitored, no individual checked on Mrs. Hiler again until 1:20 a.m.  At that time, Mrs. Hiler was reportedly "in and out of touch with reality" and continued to complain that, among other things, she did not feel "right."  Mrs. Hiler's skin remained cool and clammy.

18.     Despite Mrs. Hiler's worsening medical condition, an ambulance was not dispatched until 1:46 a.m. to provide emergency treatment to Mrs. Hiler.  The ambulance arrived to transport Mrs. Hiler at 2:00 a.m.

19.     As a result of the failure to seek necessary medical treatment, Mrs. Hiler was pronounced dead at 2:20 a.m. due to a cardiac event.

<u>CAUSES OF ACTION AGAINST</u>
<u>EXTENDICARE DEFENDANTS</u>

*NEGLIGENCE*

20.     Plaintiff re-alleges and incorporates all of the allegations contained in paragraph 1 through 19 as if set forth fully herein.

21.    At all relevant times mentioned herein, Extendicare Defendants owned, operated, managed, controlled and/or provided services for Kenwood, either directly or through a joint enterprise, partnership or the agency of each other and/or other diverse subalterns, subsidiaries, governing bodies, agents, servants or employees.

22.    Extendicare Defendants are directly or vicariously liable for any acts and omissions by any person or entity, controlled directly or indirectly, including any governing body, officer, partner, employee, ostensible or apparent agent, consultant or independent contractor, whether in-house or outside individuals, entities, agencies or pools.

23.    Extendicare Defendants owed a non-delegable duty to Mrs. Hiler to provide the custodial care, services and supervision that a reasonably careful nursing home would provide under similar circumstances.

24.    Extendicare Defendants breached their duty of care by negligently failing to deliver care, services and supervision, including, but not limited to, failing to monitor her progressively worsening condition during the relative time period.

25.    It was foreseeable that breaches of ordinary care by Extendicare Defendants would result in serious injury to Mrs. Hiler.  With regard to each of the foregoing acts of negligence, Extendicare Defendants acted with oppression, fraud, malice or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Mrs. Hiler.

-10-

## *NEGLIGENCE PER SE*

26.     Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs 1 through 25 as if set forth fully herein.

27.     Plaintiff also alleges Extendicare Defendants violated statutory and regulatory duties of care, both federal and state, the violations of which are actionable as negligence per se.  Mrs. Hiler was injured by the statutory violations of Extendicare Defendants and was within the class of persons for whose benefit these statutes were intended to be protected by these statutes.

28.     As a direct and proximate result of such oppression, fraud, malice or gross negligence, Mrs. Hiler suffered the injuries described herein.  Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Extendicare Defendants including, but not limited to, medical expenses, pain and suffering, degradation, emotional distress, unnecessary loss of personal dignity, and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief which Plaintiff is entitled by law.

## *CORPORATE NEGLIGENCE*

29.     Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs 1 through 28 as if set forth fully herein.

30.     Upon information and belief, Mrs. Hiler was looking to Extendicare Defendants' facility for treatment of her physical ailments and not merely as the situs

where others not associated with the facility would treat her for her problems. There is a presumption that the treatment Mrs. Hiler received was being rendered through employees of Extendicare Defendants and that any negligence associated with that treatment would render Extendicare Defendants responsible. Extendicare Defendants or persons or entities under their control, or to the extent Extendicare Defendants were vicariously liable through the ostensible or apparent agency of others, owed a non-delegable duty to residents, including Mrs. Hiler, to use the degree of care and skill which is expected of reasonably competent medical practitioners in the same or similar circumstances.

31.     Extendicare Defendants owed a non-delegable duty to assist Mrs. Hiler in attaining and maintaining her highest level of physical, mental and psychological well-being.

32.     Extendicare Defendants owed a duty to Mrs. Hiler to maintain their facility; including providing and maintaining medical equipment and supplies; and hiring, supervising and retaining nurses and other staff employees.

33.     Extendicare Defendants owed a duty to Mrs. Hiler to have in place procedures and protocols that ensure the proper care of residents and to administer these policies through enforcement of any rules, regulations, by-laws or guidelines, which were adopted by the Extendicare Defendants to ensure smoothly run facilities and adequate resident care.

34.     Extendicare Defendants owed a duty to Mrs. Hiler to provide a safe environment, treatment and recovery, and to exercise ordinary care and attention for

the safety of residents in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence. The duty of reasonable care and attention extended to safeguarding Mrs. Hiler from danger due to her inability to care for herself. Extendicare Defendants had a duty to protect Mrs. Hiler from any danger which the surrounding would indicate might befall her in view of any peculiar trait exhibited by her or which her condition or aberration would suggest as likely to happen.

35.     With regard to each of the foregoing acts of negligence, Extendicare Defendants acted with oppression, fraud, malice or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Mrs. Hiler.

36.     As a direct and proximate result of such oppression, fraud, malice or gross negligence, Mrs. Hiler suffered the injuries described herein. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Extendicare Defendants including, but not limited to, medical expenses, pain and suffering, degradation, emotional distress, unnecessary loss of personal dignity, and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## REQUEST FOR RELIEF

WHEREFORE, the Plaintiff, Omar Wayne Hiler, as Executor of the Estate of Virginia E. Hiler, deceased, and on behalf of the wrongful death beneficiaries of

Virginia E. Hiler, prays for judgment against the Defendants, Extendicare Health Network, Inc. d/b/a Kenwood Nursing, Kentucky Health and Rehabilitation Center, Kenwood House, Richmond Health and Rehabilitation Center; Fir Lane Terrace Convalescent Center, Inc. d/b/a Richmond Health and Rehabilitation Complex - Kenwood; Extendicare REIT; Extendicare L.P.; Extendicare Holdings, Inc.; Extendicare Health Services, Inc; Extendicare Health Facilities Holdings, Inc.; Extendicare Homes, Inc.:

    A.    Judgment in an amount in excess of the jurisdictional limits of this Court;

    B.    An award of punitive damages;

    C.    Costs incurred herein, including reasonable attorney's fees;

    D.    Pre-judgment and post-judgment interest;

    E.    A trial by jury on all issues so triable; and

    F.    Any and all other relief to which he may be entitled.


LOGAN BURCH & FOX


BY:    */s/  Brian A. Logan*
    Brian A. Logan
    Kevin P. Fox
    Stewart C. Burch
    114 West Clinton Street
    Frankfort, KY 40601
    (502) 875-3884
    ATTORNEYS FOR PLAINTIFF

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a true copy of the foregoing Amended Complaint was

served electronically and by first class mail, upon the following on this 26th day of

April, 2012:

Ms. Tiffany Lauderdale Phillips
1001 Claibourne Way
Lexington, KY 40517
tphillips@qpwblaw.com


*/s/ Brian A. Logan*
BRIAN A. LOGAN

ref:(Kevin-Pleadings)HilerEstate.AmendedComplaint4-12