UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| OMAR WAYNE HILER, as Executor of the Estate of VIRGINIA E. HILER, | ) ) ) | |
| Plaintiff, | ) ) | No. 5:11-CV-192-REW |
| v. | ) ) | |
| EXTENDICARE HEALTH NETWORK, INC., d/b/a Kenwood Nursing, Kenwood Health Rehabilitation Center, Kenwood House, and Richmond Health and Rehabilitation Center; FIR LANE TERRACE CONVALESCENT CENTER, INC., d/b/a Richmond Health & Rehabilitation Complex-Kenwood; EXTENDICARE REIT; EXTENDICARE, L.P.; EXTENDICARE HOLDINGS, INC.; EXTENDICARE HEALTH SERVICES, INC.; EXTENDICARE HEALTH FACILITY HOLDINGS, INC.; and EXTENDICARE HOMES, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | MEMORANDUM OPINION & ORDER |
| Defendants. | | |

*** *** *** ***

Defendants, Extendicare REIT, Extendicare, L.P., Extendicare Holdings, Inc., Extendicare Health Services, Inc., Extendicare Health Facility Holdings, Inc., and Extendicare Homes, Inc. (collectively the "Corporate Defendants"), by counsel, filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), on the ground that Plaintiff's claims against them are barred by the applicable statute of limitations, and therefore Plaintiff has failed to state a claim upon which relief can be granted.[1]  *See* DE

---

[1] In the original motion, Defendant Fir Lane Terrace Convalescent Center, Inc., d/b/a Richmond Health & Rehabilitation Complex – Kenwwod, also sought dismissal.  *See* DE

1

#43 (Motion); DE #46, Attach. 1 (Corrected Motion); DE #43, Attach. 1 (Memorandum in Support of Motion).  Plaintiff Omar Wayne Hiler, as Executor of the Estate of Virginia E. Hiler ("Hiler"), filed a response in opposition to the motion (DE #51), and the Corporate Defendants replied (DE #53).  The matter is now ripe for review.  For the reasons set forth below, the Court **GRANTS** the Corporate Defendants' motion.

I.      Background

On May 13, 2011, Hiler filed a Complaint against Extendicare Health Network, Inc., d/b/a Kenwood Nursing, Kenwood Health and Rehabilitation Center, Kenwood House, and Richmond Health and Rehabilitation Center ("EHN"), and "unknown defendants" in Madison Circuit Court.  *See* DE #1, Attach. 1 at 4-8 (Complaint).[2]  The Complaint raised a single claim of negligence against the defendants.  *See id.* at ¶¶ 13-17.  Specifically, Hiler's Complaint alleged that on May 5, 2009, Virginia E. Hiler was admitted to a nursing home owned or managed by EHN for purposes of rehabilitating and recovering from surgery.  *See id.* at ¶¶ 6, 8.  Hiler's Complaint further alleged that as a direct and proximate result of the defendants' negligent actions or inactions, Virginia Hiler suffered bodily injury, pain and suffering, emotional and mental distress, and loss of life on May 14, 2009.  *See id.* at ¶¶ 9-16.

---

#43.  Counsel later filed a Notice of Errata and a second motion to dismiss, which clarify that Fir Lane is not included in the motion to dismiss.  *See* DE #46; *id.*, Attach. 1.  The record reflects that both Fir Lane and Defendant Extendicare Health Network, Inc., d/b/a Kenwood Nursing, Kenwood Health Rehabilitation Center, Kenwood House, and Richmond Health and Rehabilitation Center, filed an Answer to Plaintiff's Amended Complaint.  *See* DE ##47, 48.

[2] Page numbers correspond to the numbers generated by the Court's cm/ecf electronic filing system.

EHN removed the case to federal court on June 15, 2011. *See* DE #1 (Notice of Removal). The Scheduling Order set a deadline of February 29, 2012, for the parties to file motions to join additional parties or amend pleadings (*see* DE #17), and Hiler filed a motion for leave to amend its complaint on the deadline (*see* DE #24). Hiler's tendered amended complaint sought to add as defendants Lisa Johnson, the Administrator of the nursing facility at the time Virginia Hiler resided there, as well as the Corporate Defendants. *See* DE #24, Attach. 1. The defense objected to the motion, noting that Johnson's addition to the lawsuit would destroy the Court's diversity jurisdiction. *See* DE #26 at 2-4. Following a hearing on the motion, the Court denied Hiler leave to file the tendered amended complaint as submitted. *See* DE #32. Specifically, the Court denied Hiler's motion to the extent it sought to add Johnson as a defendant, finding that one of Hiler's purposes in seeking to add the non-diverse nursing home administrator was to divest the Court of jurisdiction. *See id.* The Court, however, granted Hiler leave to file a new motion to amend, which would add only the Corporate Defendants, on or before April 26, 2012. *See id.*

Hiler filed a second motion for leave to file an amended complaint in accordance with the Court's Order. *See* DE #33 (Motion). The defense again objected, this time arguing that the applicable statute of limitations barred Hiler's claims against the seven newly named Corporate Defendants. *See* DE #34. Because Hiler had not had an opportunity to address the argument, the Court directed Plaintiff to file a reply memorandum. *See* DE #35. Ultimately, the Court granted Hiler's second motion for leave to amend, as it stated it would at the hearing on the first motion to amend, and directed the Clerk to file Hiler's Amended Complaint in the record. *See* DE #39. The

Court noted that the parties had not fully addressed the relation-back argument in their pleadings. *See id.* The Court further noted that any Defendant could properly raise a statute of limitations or other defense to the Amended Complaint, and the Court would consider any fully-briefed motion. *See id.* Thereafter, the Corporate Defendants filed the motion to dismiss currently before the Court.

**II. Analysis**

In *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012), the Sixth Circuit noted that "a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations." This is because "[t]he statute of limitations is an affirmative defense, and a plaintiff generally need not plead the lack of affirmative defenses to state a valid claim[.]" *Id.* (citing Fed. R. Civ. P. 8(c)). Where, however, "the allegations in the complaint affirmatively show that the claim is time-barred . . . , dismissing the claim under Rule 12(b)(6) is appropriate." *Id.*; *see also Gibson v. American Bankers Ins. Co.*, 91 F. Supp. 2d 1037, 1040-41 (E.D. Ky. 2000). As with any Rule 12(b)(6) motion, review requires the Court to "'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)).

Kentucky law, specifically Kentucky Revised Statute ("KRS") § 413.140(1)(a), sets a one-year statute of limitations for personal injury claims. Section 413.140(1)(a)'s limitation period also applies to wrongful death claims. *See Conner v. George W. Whitesides Co.*, 834 S.W.2d 652, 653-54 (Ky. 1992). Pursuant to KRS § 413.180,

4

> (1) If a person entitled to bring any action mentioned in KRS 413.090 to 413.160 dies before the expiration of the time limited for its commencement and the cause of action survives, the action may be brought by his personal representative after the expiration of that time, if commenced within one (1) year after the qualification of the representative.
>
> (2) If a person dies before the time at which the right to bring any action mentioned in KRS 413.090 to 413.160 would have accrued to him if he had continued alive, and there is an interval of more than one (1) year between his death and the qualification of his personal representative, that representative, for purposes of this chapter, shall be deemed to have qualified on the last day of the one-year period.

KRS § 413.180(1)-(2). The Kentucky Supreme Court has held that KRS § 413.180 applies to both personal injury and wrongful death actions. *See Conner*, 834 S.W.2d at 654. Thus, under § 413.180, so long as a personal representative is appointed within one year of the date of death, he or she has one year from the date of appointment to file personal injury and wrongful death claims on the decedent's behalf. *See Conner*, 834 S.W.2d at 654. In no event may such claims be filed more than two years from the date of death. *See id.*

Here, Hiler's original and amended complaints allege that Virginia Hiler suffered injury and death on May 14, 2009. *See* DE #1, Attach. 1 at 6-7; DE #40 at 9. The statute of limitations thus began to run on that date. *See Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 322 (6th Cir. 2010) (stating that under Kentucky law, the statute of limitations on personal injury claims generally begins to run on the date of injury) (citing *Caudill v. Arnett*, 481 S.W.2d 668, 669 (Ky. 1972)); *Farmers Bank and Trust Co. of Bardstown v. Rice*, 674 S.W.2d 510, 512 (Ky. 1984) (statute of limitations on wrongful death actions runs from the date of death). Hiler did not seek leave to amend his complaint to add the Corporate Defendants until February 29, 2012, s*ee* DE #24 (first

5

motion for leave to file amended complaint), a date well beyond the statute of limitations, regardless of when Hiler was appointed as Mrs. Hiler's personal representative. Accordingly, it is clear from the face of the Amended Complaint that Hiler's claims against the Corporate Defendants are timely only if they relate back to the date of the original complaint.[3]

> Under Federal Rule of Civil Procedure 15,
>
> [a]n amendment to a pleading relates back to the date of the original pleading when:
>
>> (A) the law that provides the applicable statute of limitations allows relation back;
>>
>> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>>
>> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving summons and complaint, the party to be brought in by amendment:
>>
>>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>>
>>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(A)-(C). The proponent of relation back has the burden. *See, e.g., Smith v. Galia County Sheriff*, 2011 WL 2970931, at \*4 (S.D. Ohio July 20, 2011) ("Further, the plaintiff bears the burden of demonstrating that the requirements of Rule 15(c) have been met.") (citation omitted). Hiler does not contend that Rule 15(c)(1)(A)

---

[3] Hiler filed his original complaint in state court on May 13, 2011. *See* DE #1, Attach. 1 at 4. The defense does not argue that Hiler's original complaint was untimely.

6

applies,[4] and because the amendment seeks to introduce new defendants, Rule 15(c)(1)(C) comes into play.

Of course, by its terms, one of the first requirements of Rule 15(c)(1)(C) is that the amendment satisfy Rule 15(c)(1)(B). In other words, the amendment must arise out of the same conduct, transaction, or occurrence set out in the original pleading. There is no question the claims in Hiler's Amended Complaint arise from the same core events as those set forth in the original complaint. As noted previously, Hiler's original complaint raised a single claim of negligence against a nursing facility based on its treatment of Virginia Hiler in May of 2009. Hiler's Amended Complaint raises a similar claim of negligence, as well as claims of negligence *per se* and corporate negligence, based on the same factual transaction. Therefore, Rule 15(c)(1)(B) is satisfied.

Under Sixth Circuit precedent, however, Hiler's Amended Complaint cannot meet other requirements of the Rule. Specifically, the Sixth Circuit has held the Rule inapplicable to amendments that name **additional** parties, rather than merely correcting a misnomer or effecting a substitution of parties. *See In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991) ("[A]n amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.") (citation and internal quotation marks omitted); *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) ("Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run[.]"). The Sixth Circuit has reasoned that a plaintiff's lack of knowledge regarding a defendant's identity

---

[4] A more lenient state rule in a diversity case could save a tardy pleading. Kentucky's relation back rules are consonant with the federal matrix, at least as relevant here. *See Bradford v. Bracken County*, 767 F. Supp. 2d 740, 747 (E.D. Ky. 2011); *see id.* at 747 n. 4.

7

"does not constitute a 'mistake concerning the party's identity' within the meaning of Rule 15(c)[(1)(C)(ii)]." *Moore v. Tennessee*, 267 F. App'x 450, 455 (6th Cir. 2008). The Corporate Defendants are newly added parties, resulting not in substitution or a party change but rather an enlargement of the defendant roster. Accordingly, relation back is not permitted under current Sixth Circuit law.

The 2010 decision of the Supreme Court in *Krupski v. Costa Crociere S.p.A.*, 130 S. Ct. 2485 (2010), however, has called into question the Sixth Circuit's narrow reading of the meaning of "mistake" under Rule 15(c)(1)(C)(ii). In *Krupski*, a passenger injured aboard a cruise sued Costa Cruise Lines for damages related to her injuries. *Id.* at 2490. Later, the plaintiff's lawyer determined that Costa Crociere, S.p.A, was the proper defendant. *See id.* at 2491. After the plaintiff amended her complaint to add Costa Crociere as a party and agreed to the dismissal of Costa Cruise from the case, Costa Crociere moved to dismiss on statute of limitations grounds, arguing that the amended complaint did not relate back under Rule 15(c). *Id.* The district court granted the motion, finding, based on Eleventh Circuit precedent, that "the word 'mistake' should not be construed to encompass a deliberate decision not to sue a party whose identity the plaintiff knew before the statute of limitations had run." *Id.* at 2492. The district court concluded that, "[b]ecause Costa Cruise informed Krupski that Costa Crociere was the proper defendant in its answer, corporate disclosure statement, and motion for summary judgment, and yet Krupski delayed for months in moving to amend[,] . . . Krupski knew of the proper defendant and made no mistake." *Id.*

The Eleventh Circuit affirmed the district court. However, "[r]ather than relying on the information contained in Costa Cruise's filings, all of which were made after the

8

statute of limitations had expired, as evidence that Krupski did not make a mistake, the Court of Appeals noted that the relevant information was located within Krupski's passenger ticket, which she had furnished to her counsel well before the end of the limitations period." *Id.* The Eleventh Circuit found that "[i]t was therefore appropriate to treat Krupski as having chosen to sue one potential party over another." *Id.*

The Supreme Court reversed the lower courts. The Court noted that, by focusing on what the plaintiff knew or should have known as to the proper defendant's identity, the Eleventh Circuit "chose the wrong starting point." *Id.* at 2493. Instead, the Court clarified, the question under Rule 15(c)(1)(C)(ii) is whether the prospective defendant knew or should have known that it would have been named as a defendant, during the Rule 4(m) period,[5] but for an error. *Id.* According to the Court, "[i]nformation in the plaintiff's possession is relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity." *Id.* at 2493-94. The Court explained:

> That a plaintiff knows of a party's existence does not preclude her from making a mistake with respect to that party's identity. A plaintiff may know that a prospective defendant—call him party A—exists, while erroneously believing him to have the status of party B. Similarly, a plaintiff may know generally what party A does while misunderstanding the roles that party A and party B played in the "conduct, transaction, or occurrence" giving rise to her claim. If the plaintiff sues party B instead of party A under these circumstances, she has made a "mistake concerning the proper party's identity" notwithstanding her knowledge of the existence of both parties. The only question under Rule 15(c)(1)(C)(ii), then, is whether party A knew or should have known that, absent some mistake, the action would have been brought against him.

---

[5] Rule 4(m) usually requires service of the complaint on a defendant within 120 days after the complaint is filed. Thus, the Rule 4(m) period referenced in Rule 15(c) is 120 days.

9

*Id.* at 2494.  The Court further found that "[t]he reasonableness of the mistake is not itself at issue."  *Id.*  On the specific facts before it, the *Krupski* Court held that Costa Crociere should have known that the plaintiff's "failure to name it as a defendant in her original complaint was due to a mistake concerning the proper party's identity," especially in light of the fact that Costa Cruise and Costa Crociere were related corporate entities with similar names.  *Id.* at 2498.  Accordingly, the Court found that the plaintiff's amended complaint related back to the original complaint, and the statute of limitations thus posed no bar to the suit.[6]  *Id.*

*Krupski*, then, may define "mistake" more broadly for purposes of Rule 15(c)(1)(C)(ii) than prior Sixth Circuit case law, holding that lack of knowledge, and particularly lack of knowledge regarding a party's status, may qualify as a mistake.  Since *Krupski*, the Sixth Circuit has declined to examine its line of cases holding that Rule 15(c) does not permit relation back where the plaintiff seeks to add a new defendant.  *See Beverly v. MEVA Formwork Systems, Inc.*, 2012 WL 4009711, at *4 (6th Cir. Sept. 12, 2012).  District courts have reached different conclusions regarding *Krupski*'s effect on prior Sixth Circuit law related to the addition of parties.  *See Erie Indemnity Company v. Keurig, Inc.*, 2011 WL 2893013, at *2-3 (N.D. Ohio July 15, 2011); *id.* at 3 (citing cases).

In *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012), the court did find that *Krupski* had no effect on prior Sixth Circuit law holding that amendments that add new parties in place of "unknown defendants" or "John Doe" defendants do not invoke or

---

[6] The *Krupski* Court also found that a plaintiff's delay in seeking leave to amend has no impact on the Rule 15(c)(1)(C) relation back analysis.  130 S. Ct. at 2496.  According to the Court, "The Rule plainly sets forth an exclusive list of requirements for relation back, and the amending party's diligence is not among them."  *Id.*

10

fall within Rule 15(c)'s mistaken identity requirement. According to the court, plaintiffs who name "John Doe" defendants do not make a mistake about which defendant to sue. *See id.* Rather, they do not know whom to sue, and if they opt not to find out within the limitation period, Rule 15(c) offers no relief. *See id.* Thus, to the extent Hiler seeks to add the Corporate Defendants in place of the "unknown defendants" named in his original complaint (*see* DE #1, Attach. 1 at 4), relation back is not permitted, and the statute of limitations bars the claims, per *Smith*.

Additionally, Hiler's amendment foundationally fails to meet the "mistake" predicate of Rule 15(c). Even in responding to the defense motion, Hiler repeatedly denies any mistake in naming the original defendant in the case. Thus, per Plaintiff, "It is not disputed that the original corporate defendant was the correct defendant." DE #51 at 2 (Response). Further, "As mentioned above, the Plaintiffs named the correct Defendant." *Id.* at 3. Rather than mistake, Hiler contends he gained more complete knowledge about additional responsible "related corporate entities," and thus added those parties as defendants. *See id.* at 2. Rule 15(c), as relevant, hinges on a plaintiff's mistaken inclusion or naming of a party, and it applies when the amendment "changes the party or the naming of the party against whom a claim is asserted." Rule 15(c)(1)(C). There must have been an evident "mistake concerning the proper party's identity." *See id*. at (ii). Here, by Hiler's own argument, Plaintiff does not contend that he sued "the wrong one," *Krupski*, 130 S. Ct. at 2494, but rather seeks to expand the list of defendant targets by naming all entities within the original target's ownership and structure. Hiler did not, by amendment, replace the original defendant or re-name the original defendant. Rule 15(c) does not permit relation back when a plaintiff learns more about a case and

11

seeks to broaden the liability sphere[7] to encompass new parties in addition to one already before the court. *See Ham v. Marshall County*, 2012 WL 5930148, at *6 (W.D. Ky. Nov. 27, 2012) ("[L]ongstanding Sixth Circuit precedent precludes Rule 15(c) from being used . . . where . . . [plaintiff] did not seek merely to correct a misidentification . . . but instead attempted to add . . . a defendant while maintaining his action against [the original defendant]."); *DeBois v. Pickoff*, 2011 WL 1233665, at *12-13 (S.D. Ohio Mar. 28, 2011) (discussing *Krupski* as not in conflict with the Sixth Circuit interpretation that "the *addition* of new defendants is not consistent with Rule 15(c)(1)(C)'s requirement of a *change* in parties") (emphasis in original); *id.* at *13 ("[A] number of district courts have, while citing *Krupski*, reaffirmed the principle that adding parties is impermissible under the Sixth Circuit's interpretation of Rule 15(c)."). To allow relation back here would, in effect, convert Rule 15(c) into a discovery rule, for limitations purposes, something the language of the rule simply does not support.

Further, even if Hiler's Amended Complaint merely adds the Corporate Defendants, rather than adding them in place of the previously named "unknown defendants," and even if the Sixth Circuit's position on amendments that add new parties is uncertain after *Krupski*, Hiler still cannot satisfy the requirements of Rule 15(c)(1)(C). As noted, Hiler's original complaint asserted a claim of negligence against the entity that owned, operated, and/or managed the nursing home that housed Virginia Hiler in May of 2009, as well as any "unknown defendants" responsible for her "assessment, treatment, care, and protection[.]" DE #1, Attach. 1 at 5, ¶¶ 6-7. In its answer, EHN stated that it is

---

[7] Plaintiff's inclusion of wholly new theories of corporate liability and negligence *per se* underscores that Hiler did not mistakenly name the original defendant but rather now attempts to enhance the liability field by the addition of parties and distinct claims as to those parties.

12

not the owner or operator of the skilled nursing facility where the events alleged in the complaint took place.  *See* DE #2 at 2.  In its Rule 7.1 Corporate Disclosure Statement, EHN further explained that Kenwood Health and Rehabilitation Center is an assumed name of Fir Lane Terrace Convalescent Center, Inc., an EHN affiliate (*see* DE #4).  Thus, within the Rule 4(m) period, perhaps Fir Lane reasonably should have known that Hiler's lawsuit would have been brought against it, but for a mistake concerning the identity of the nursing home's owner/operator.[8]  *See* Fed. R. Civ. P. 15(c)(1)(C)(ii). Based on the language of the original complaint, however, which only references those responsible for Mrs. Hiler's assessment, treatment, and care, and without a claim of corporate negligence, the corporate owners of EHN and Fir Lane had no reason to think they were intended defendants, but for a mistake concerning identity.[9]  Therefore, Rule 15(c) would not permit Hiler's Amended Complaint to relate back as to the Corporate Defendants, and the statute of limitations bars any claims against them.

The Scheduling Order deadline of February 29, 2012, for the parties to join additional parties or amend pleadings (*see* DE #17), a date agreed upon by the parties in their Rule 26(f) planning meeting report (*see* DE #15), does not impact the Court's conclusion.  A scheduling order deadline does not toll the running of the applicable statute of limitations.  *See Bradford v. Bracken County*, 767 F. Supp. 2d 740, 744 n. 1 (E.D. Ky. 2011) (citation omitted); *see also Clark v. Hawkins*, 41 F.3d 664 (table), 1994

---

[8] Indeed, the facts are similar to those described in *Krupski*.  Presumably, this is the reason Fir Lane does not join in the instant motion to dismiss.

[9] Plaintiff's list of lawsuits filed in Kentucky state and federal courts against the Corporate Defendants (*see* DE #51 at 3; *id.*, Attach. 1) does not persuade the Court that the Corporate Defendants knew or should have known that they would have been named in *this* action but for a mistake concerning identity.

WL 685037, at *3 n. 8 (5th Cir. Nov. 25, 1994) (per curiam) (stating that the court had "found no authority to support the conclusion that compliance with a scheduling order immunizes an amendment against a statute of limitations defense").

### III.     Conclusion

Accordingly, for the reasons set forth above, the Court **GRANTS** the motion to dismiss (DE #43; DE #46, Attach. 1) and **DISMISSES** Defendants Extendicare REIT, Extendicare, L.P., Extendicare Holdings, Inc., Extendicare Health Services, Inc., Extendicare Health Facility Holdings, Inc., and Extendicare Homes, Inc., from this action.  Plaintiff's Amended Complaint **remains pending** against Defendants, Extendicare Health Network, Inc., d/b/a Kenwood Nursing, Kenwood Health Rehabilitation Center, Kenwood House, and Richmond Health and Rehabilitation Center, and Fir Lane Terrace Convalescent Center, Inc., d/b/a Richmond Health and Rehabilitation Complex – Kenwood.

This the 26th day of February, 2013.

Signed By:
*Robert E. Wier*  REW
United States Magistrate Judge